UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                                    CRIMINAL ACTION NO. 3:05CR-99-S

DWAIN CLAUDE CASTLE                                                                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of objections to the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge concerning the motion of the defendant, Dwain Claude Castle, to suppress physical and testimonial evidence. The evidence in question was obtained by the Louisville Metro Police Department at the time of Castle's arrest on December 30, 2004 and shortly thereafter. The magistrate judge has recommended that the court exclude all post-arrest statements of Castle from the United States' case-in-chief. He has recommended that suppression be denied as to the items of physical evidence seized from the residence.

The magistrate judge heard evidence in this matter and rendered detailed findings and conclusions. The facts need not be repeated here in their entirety.

Castle is charged in this case with being a felon in possession of a firearm. The firearm in question was found in a closet under a pile of dirty clothes in the residence where Castle was arrested. There is no dispute that Castle had been taken into custody in that residence on an outstanding arrest warrant for a probation violation. He was seated at the kitchen table in the residence when he provided information to Officer Heselschwerdt about the firearm and its location. There is also no dispute that Castle had not been given the *Miranda* warning at the time he provided this information.

In a nutshell, the United States takes issue with the Findings of Fact and Conclusions of Law (1) that Castle's statements to Officer Heselschwerdt concerning the firearm were given in response to non-Mirandized post-arrest police interrogation, and (2) that Castle was not given the *Miranda* warning by Hankison upon his return to the residence with the search warrant and thus Castle's statements to Hankison during the search were given in response to non-Mirandized post-arrest police interrogation.

Castle was arrested in a residence on Fegenbush Lane. He was handcuffed and seated at the kitchen table. Officer Heselschwerdt conversed with Castle while they waited for Officer Hankison to obtain a warrant to search the residence.[1] Castle asked Heselschwerdt a number of times whether the search could be stopped. That is, whether Heselschwerdt could stop Hankison from obtaining the warrant. Heselschwerdt asked Castle why he wanted to stop the search. He offered that if Castle told him what was in the residence, he would call Hankison to see if Hankison would stop the search. Castle then told Heselschwerdt about the presence of the firearm. Heselschwerdt asked Castle where the weapon was hidden, and Castle told him the location. After Heselschwerdt retrieved the weapon, he asked Castle where he had gotten it. Castle responded that he bought it from a friend. He asked Castle who the friend was, but Castle refused to identify the individual.

The United States urges that this series of questions and answers was not a police interrogation because the entire interaction was precipitated by Castle's inquiry about whether the search could be stopped. This is a simplistic analysis which completely disregards the direct questions asked by Heselschwerdt. Clearly, Heselschwerdt's first question as to why Castle wanted

---

[1] Hankison left the residence and returned to the police station to draft an affidavit and application for a search warrant for the residence after a marijuana cigarette had been discovered in plain view in the kitchen immediately after Castle's arrest. In his argument for suppression, Castle challenged the officers' entry into the residence, the retention of Castle at the scene after his arrest, and the plain view discovery of the marijuana cigarette. The magistrate judge found the procedures to be proper and the warrant to be based upon probable cause. Castle objects to these findings based solely upon his prior arguments rejected by the magistrate judge. We find that the magistrate judge's findings and conclusions on these matters to be sound, and will accept and adopt them in their entirety.

to stop the process was reasonably likely to elicit an incriminating response from Castle. *See, Rhode Island v. Innis*, 446 U.S. 291, 301 (1980); *Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990). Castle clearly wanted to avoid having the residence searched if at all possible. Heselschwerdt then pursued the line of inquiry with Castle, offering the possibility that the search might be called off if Castle told him what was in the residence. The remaining questions, too, sought obviously potentially incriminating information from this un-Mirandized arrestee. The magistrate judge found that Castle's statements relating to the firearm were made in response to interrogation by Officer Heselschwerdt. These findings and conclusions will be accepted and adopted by the court.

The magistrate judge also found that the testimony of the officers concerning the giving of the *Miranda* warning to Castle upon Hankison's return to the residence with the search warrant was not credible. The magistrate judge based this credibility determination on the testimony from the officers and on an audio recording made by Officer Hankison upon reentering the residence. The audio recording fails to corroborate the officers' statements that the *Miranda* warning was given.

Officer Hankison turned on the videotape recorder in his vehicle immediately prior to re-entering the residence with the search warrant. Hankison had a voice-activated wireless microphone on his belt which audibly recorded his questioning of Castle concerning Castle's suspected sale of cocaine. Despite the fact that the tape was undisputably recording, no voice is heard on the tape giving Castle the *Miranda* warning.

The United States urges that because the tape is not particularly clear and that the recorder does not always pick up dialogue when the officer has the microphone at a distance from the vehicle, the magistrate judge should not have considered that the audio recording called into question the reliability of the officers' statements that the warning was given.[2] The magistrate judge heard the

---

[2] The United States suggests that the statements of the officers are "uncontroverted" and that there is "nothing in the record" to call the officers' credibility into question. In fact, the tape made by Officer Hankison himself at the time in question is evidence offered to prove a negative proposition - the *lack* of a *Miranda* warning shown through the *absence* of voices on the tape. The United

(continued...)

testimony of the officers, considered their demeanor, and found the explanation for the lack of an audible *Miranda* warning wanting.  Hankison explained that his purpose in turning the recorder on was, in fact, to memorialize the giving of the *Miranda* warning and any subsequent conversation. The recorder was operating throughout the time during which Hankison claims to have warned Castle.  The magistrate judge's determination on this point will not be disturbed.

The court has reviewed the record in its entirety and finds that the findings of fact including credibility determinations made by the magistrate judge, and his conclusions of law are sound.  The court will accept and adopt the findings and conclusions of the magistrate judge and his recommendation that the statements made by Castle at the Fegenbush residence after his arrest be suppressed.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the objections of the United States (DN 34) and the defendant, Dwain Claude Castle, (DN 33) are **REJECTED** and the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge (DN 32) are **ACCEPTED AND ADOPTED IN THEIR ENTIRETY**.

Pursuant to the recommendation of the magistrate judge, **IT IS FURTHER ORDERED** that the motion of the defendant, Dwain Claude Castle, to suppress (DN 15) is **GRANTED** as to Castle's post-arrest statements and are excluded from the United States' case-in-chief.  The motion is **DENIED** as to the items of physical evidence seized from the residence.

---

[2](...continued)
States merely challenges the reliability of this evidence.